UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Continental Biomass Industries, Inc., | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 1:10-cv-00140-PB |
| vs. | ) | |
| | ) | |
| Dave Whitelaw, | ) | |
| Defendant. | ) | |

**PERMANENT INJUNCTION**

On the joint request of the parties, it is Ordered that:

A.       The documents contained in Exhibit I to the Complaint, with Verification, consist of: a.) a customer list; b.) a prospects list available on salesforce.com to CBI employees through use of a password; and c.) customer information contained in such lists.  Said documents were created by or on behalf of Plaintiff, Continental Biomass Industries, Inc. ("CBI"), and the documents and the information contained therein are trade secrets owned by CBI (hereinafter, the "Trade Secret").  CBI shall arrange to have a copy of the documents contained in Exhibit I held in escrow by CBI's attorney of record.

B.       Defendant Dave Whitelaw ("Whitelaw"), his agents, servants, employees, attorneys, and all those persons in active concert or participation with them, are permanently enjoined from directly or indirectly: (1) publishing or posting anywhere or in any manner whatsoever, or making available for access to others, including but not limited to his employer, Komptech USA Inc., any or all of the Trade Secret; (2) using or disclosing any or all of the Trade Secret and (3) contacting any person or entity contained in the Trade Secret unless such person or entity was a customer of Whitelaw's then employer prior to the time, whichever is earlier, Whitelaw became associated with or began working for that employer.  Nothing in this paragraph shall preclude Whitelaw from having dealings with a CBI customer who initiates contact with Whitelaw wholly of its own volition and wholly without solicitation, and Whitelaw may raise such as an affirmative defense.

C.       Within seven (7) days of the issuance of this Order, Whitelaw shall provide CBI with a statement, under oath, relating to any and all portions of the Trade Secret, including but not limited to CBI customer lists, prospects list and information contained in such lists about CBI's customers, used by Whitelaw or disclosed to any other person or entity.  Such statement shall list the specific Trade Secret information and/or documents used and/or disclosed, whether or not such information and/or

documents were disclosed, to whom, including the name and address, such information and/or documents were disclosed and, if information and/or documents were disclosed in the form of any computer or electronic files and/or folders, the name of the files and/or folders disclosed and the specific locations of each and every computer onto which such information and/or documents are or were ever present.  Whitelaw shall not disclose or use any information contained in the statement and shall destroy any document and electronic folders and/or files containing the statement and such statement shall be considered part and parcel the Trade Secret.  A copy of such statement shall be held in escrow by CBI's attorney.

D.        Whitelaw shall, within ten (10) days of this Order, recover any portion of the Trade Secret including but not limited to CBI's customer list, prospects list and/or customer information that was disclosed by Whitelaw to any other person or entity and return all such materials to CBI; Whitelaw shall not engage in any spoliation of such materials; Whitelaw shall destroy any and all electronic files and folders containing any or all of the Trade Secret and provide proof to CBI of the destruction thereof; as used in this sentence, proof that electronic files and folders were destroyed may be provided by means of a written statement, executed under oath and under penalty of perjury, that he does not have possession of any electronic files or folders containing any or all of the Trade Secret and has not transferred such folders or files to any other person or entity's computers.

E.        Whitelaw shall file with this Court and serve on CBI, within ten (10) days after the entry of this Order, a report in writing and under oath setting forth in detail the manner and form in which Whitelaw has complied with this Order, but without disclosing any information that comprises any part of the Trade Secret.

F.        Whitelaw, his agents, servants, employees, attorneys, and all those persons in active concert or participation with them, are permanently enjoined from, directly or indirectly, operating, conducting or transacting any business involving and/or concerning the sale, rental, lease or servicing of any CBI product, whether new or used.  The prior sentence shall not be construed to preclude Whitelaw from having dealings with companies related to non-CBI products.

G.        In the event that Whitelaw, including also his agents, servants, employees, attorneys, and all those persons in active concert or participation with them, is found to have violated this Permanent Injunction, Whitelaw is hereby ORDERED to pay liquidated damages to CBI in the amount of One

- 2 -

Hundred Thousand Dollars ($100,000.00), plus interest and any attorneys fees that CBI reasonably incurs in connection with such violation or the recovery of these liquidated damages, subject to the Court's discretion as set forth below in this Paragraph.  Nothing in this Permanent Injunction shall preclude any other relief sought by CBI for any violation of this Permanent Injunction by Whitelaw or any settlement agreement by and between CBI and Whitelaw.  In any contempt proceedings, the Court shall take into consideration the degree of culpability of the accused.  If Whitelaw can show that the violation of this Order was innocent, the Court may exercise its discretion to reduce the amount of any award to CBI.

H.         CBI shall have the burden of production to show that this Permanent Injunction has been violated and, in support thereof, CBI may produce evidence showing any contact, or that business has been conducted, by any enjoined person or entity with any person or entity contained in CBI's customer list or prospects list that is part of the Trade Secret.  In the event that CBI produces any evidence showing that Whitelaw has used or disclosed the Trade Secret, Whitelaw may rebut such allegation by producing sufficient evidence in the form of an invoice, created prior to January 1, 2010, for actual products, by and between his current employer and CBI's customer or prospective customer that is the basis for CBI's claim that this Permanent Injunction has been violated.  The truth of the facts stated in such invoice, including the products sold, rented or leased and the date of such invoice, shall be sworn to by Whitelaw under the pains and penalties of perjury and shall, contingent upon the truthfulness of the invoice and affidavit, be deemed sufficient evidence that the Trade Secret was not disclosed as to such customer or prospect contained in the Trade Secret.

I.         This Permanent Injunction shall survive any dismissal of the above titled civil action and this Court shall retain jurisdiction over the civil action for purposes of enforcing the injunction.

It is so ORDERED.

This the ____21____ day of ___May_____, 2010, at _____ am/pm.

/s/ Paul Barbadoro
_____
UNITED STATES DISTRICT JUDGE